UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCALPH, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>TIMBER PRODUCTS TRUCKING, LLC, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-02614-JST<br><br>**ORDER RE DEPOSITION OF DR. GREER WALDROP**<br><br>Re: ECF No. 58 |

Before the Court is a discovery letter in which Plaintiffs Scott and Angela Scalph seek a protective order to prevent the second deposition for Dr. Greer Waldrop because Defendants[1] did not obtain leave of court. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii) (providing a party "must obtain leave of court" to conduct a deposition if "the deponent has already been deposed in the case"). Defendants contend that good cause exists to continue Dr. Waldrop's deposition because Plaintiffs did not adequately disclose information about Dr. Waldrop before the deposition.

Defendants' failure to seek leave by itself compels the granting of Plaintiffs' request for relief. The language of Rule 30 is mandatory: a party "must" seek leave of Court before conducting a repeat deposition. *Id.*

Nor does the record support a finding of good cause, even if the Court were to reach that question. Defendants note that Dr. Waldrop produced a two-week-old treatment note, which Defendants had not previously seen, during her deposition on May 30, 2025. There is nothing in the record to suggest that Defendants objected to the production at the time of the deposition, and Defendants did not suspend the deposition. In any event, because Defendants did not request any

---

[1] Defendants are Timber Products Trucking, LLC, Timber Products Trucking, Inc., and Josef Christopher Woolen.

1 discovery from Dr. Waldrop prior to her deposition, there was nothing surprising or improper
2 about her producing a recent treatment note at it.  The deposition occurred prior to the close of fact
3 discovery and one month after Defendants learned of Dr. Waldrop's treatment.  Defendants could
4 have obtained the treatment note (or other records) in advance if they had wanted to.  *See Thoma*
5 *v. City of Spokane*, No. 12-cv-0156-EFS, 2014 WL 806053, at *1 (E.D. Wash. Feb. 28, 2014),
6 *aff'd sub nom. Thoma v. City of Spokane in & for Washington*, 696 F. App'x 197 (9th Cir. 2017)
7 (granting motion for protective order where party did not seek leave to re-depose witness and
8 where party issued written discovery with response deadlines after original deposition date).

9     Defendants also take issue with the adequacy of Plaintiffs' disclosures and suggest that
10 they are entitled to a second deposition on that ground.  As the Court already stated in a recent
11 order, the time for Defendants to bring a motion regarding discovery has passed.  "Where the
12 Court has set separate deadlines for fact and expert discovery, no motions related to fact discovery
13 may be filed more than 7 days after the fact discovery cut-off, and no motions related to expert
14 discovery may be filed more than 7 days after the expert discovery cut-off."  Civ. L.R. 37-3.
15 Thus, it is too late to place the alleged deficiencies in Plaintiffs' disclosures before the Court.  And
16 even if the Court were to consider those alleged deficiencies, that would not give Defendants the
17 right to conduct discovery not otherwise permitted by the rules or court order.

18     For these reasons, Plaintiffs' request for a protective order preventing a second deposition
19 of Dr. Waldrop is granted.

20     **IT IS SO ORDERED.**

21 Dated: July 29, 2025

JON S. TIGAR
United States District Judge

2